## Case No. 4,835.

### FITCH et al. v. McGIE.

### Ex parte SANGER.

[2 Biss. 163;[1] 2 N. B. R. 531 (Quarto, 164); 2 Am. Law T. Rep. Bankr. 80.]

District Court, E. D. Wisconsin. July Term, 1869.

Hopkins & Sanborn, for motion.
H. W. & D. K. Tenney, contra.

MILLER, District Judge. In the month of April, 1868, McGie being largely indebted to Wm. H. Sanger, a merchant of New York, upon notes due and payable and some soon to become payable, gave a promissory note payable one day after date, with warrant to confess judgment. Before making the note it was a subject of discussion whether the security should not be a chattel mortgage on McGie's stock of goods; which was advised against by the attorney. Sanger was a business friend of McGie, and

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

would not allow his notes to be protested for non payment. At the date of note McGie complained of dull times and inability to pay other debts, of which Sanger had notice. A summons was issued to recover the amount of the note given in April, and a judgment was rendered in the United States circuit court in November last. By virtue of a fieri facias issued on the judgment, the marshal levied on McGie's stock of goods. Fitch and other creditors then proceeded against McGie in bankruptcy, and in January last he was declared a bankrupt. The marshal, under an order of the court in bankruptcy, delivered over the stock of goods to an assignee. Sanger now applies to the court to be paid the avails of the sale of the goods made by the assignee, claiming a preference by reason of the execution and levy. Prior to the suit Sanger instructed that the goods should be taken possession of, under the impression, no doubt, that execution might be or had been issued in satisfaction of his judgment note, which was payable one day after date.

It is contended that the judgment was obtained in due course of legal proceedings, and that McGie did not "procure or suffer his property to be taken on legal process." An insolvent debtor commits an act of bankruptcy when he "gives any warrant to confess judgment, or procures or suffers his property to be taken on legal process." The warrant to confess judgment was an act of bankruptcy committed by McGie to prefer his friend and accommodating creditor, who knew at the time of McGie's inability to pay his notes to other creditors. And the result shows conclusively that McGie was at the time insolvent to a large amount.

There was no necessity for the suit on the note. Judgment could have been entered without a summons. The warrant to confess judgment cut off defense to the action, and McGie suffered judgment to be taken by default. By the warrant to confess judgment, McGie consented that his property should be levied on, under an execution, and by his default he suffered it to be done. If McGie did not directly procure his property to be taken on legal process, he suffered it to be done. There is a distinction between procuring and suffering property to be taken on a legal process. Either is an act of bankruptcy. The bankrupt act prohibits preferences to be obtained by a creditor, when his debtor is insolvent, or in contemplation of his insolvency, or bankruptcy, by the taking of the debtor's property on legal process, whether the taking be by an act of procurement, or by an act of sufferance on the part of the debtor, where there is an intent on the part of the debtor to give such preference, and the creditor has reasonable cause to believe that the debtor is insolvent. McGie should have prevented the preference to Sanger by means of the levy, by an application for the benefit of the bankrupt act [of 1867 (14 Stat. 517)]. Knowing himself to be insolvent, he should have pursued the course of equity to all his creditors required by the act. Sanger and McGie both knew that the probable consequence of the judgment note, if pursued, was to give a preference. The object and intent of the bankrupt act is, to require a debtor, in failing circumstances, to subject his property to an equal distribution among his creditors, in proportion to their respective debts. The proceeding in the case falls within the prohibition of this act. There is no essential difference in this case, from a seizure and sale by virtue of a chattel mortgage, or on execution, issued in a judgment by confession. McGie permitted what he should have prevented, and he thereby suffered his goods to be taken on legal process in favor of a friendly creditor, who had at least reasonable cause to believe that his debtor was insolvent.

The application of Sanger for the avails of the sale of McGie's goods is denied.