have acquired any new rights in the property attached by their judgment and execution. Injunction denied, and temporary stay vacated.

## Case No. 8,795.

### In re McGIE.

[The case reported under above title in 2 Biss. 163, is the same as Case No. 4,835.]

McGIE (FITCH v.).  See Case No. 4,835.

## Case No. 8,795a.

### McGILL v. JORDAN.

[18 Reporter, 642.] [1]

Circuit Court, E. D. Pennsylvania.  Oct. 21, 1884.

ESTOPPEL BY DEED — AFTER-ACQUIRED TITLE — WARRANTY—INTENTION—MORTGAGE— LAND OFFICE TITLE.

1. Where one undertakes by deed to convey an indefeasible estate in fee-simple he will not be allowed to set up against his vendee, or one claiming under him, a subsequently acquired title.

2. This is the case even where there are no covenants of warranty. if the intention of the parties to the deed as gathered from the words thereof appears to be to convey the entire estate and not merely the estate which the grantor has then therein.

3. Where two tenants in common execute a mortgage and afterwards one of them conveys by the deed his share to the other. the words of the two deeds being apt to express a fee. the grantor and mortgagor will not be allowed to set up against one claiming through the mortgage a title obtained from the land office subsequently to the date of the mortgage.

Motion for judgment non obstante veredicto.

Ejectment.  On the trial it appeared that the land in controversy was part of a larger tract known as the "Mount Holly Iron Works Estate," which the Farmers' and Mechanics' Bank in 1846 conveyed to Kropff, who was the plaintiff's grantor, and Geisse for $21,000; that Kropff and Geisse executed a purchase-money mortgage of the said estate to their vendor; that in 1848 Kropff obtained a warrant from the land office for the part in dispute in the present case, as land "unimproved and unclaimed by any other person;" subsequently, on October 28, 1848, Kropff conveyed "all his estate, right, title, and property in the 'Mount Holly Iron Works Estate,' " derived by the deed from the Farmers' and Mechanics' Bank, to Geisse; shortly after this a judgment was obtained on one of the purchase-money bonds secured by the mortgage, and the land sold by the sheriff, to whose vendee the defendants traced their title. The court reserved the question whether the plaintiff were not estopped by the acts of his grantor Kropff from setting up his title, and

subject to this reservation there was a verdict for the plaintiff.

John Ryon and Samuel Hepburn. Sr., for plaintiff.

Samuel Hepburn. Jr., and A. Sydney Biddle (with them, J. Rodman Paul), for defendant.

BUTLER, District Judge.  The execution of the mortgage and the deed to Geisse are the acts relied upon to invoke the doctrine of estoppel.  In Pennsylvania it is well settled that where one undertakes by deed to convey an indefeasible estate in fee-simple, he shall not thereafter be allowed to set up a subsequently acquired interest against his vendee or those claiming under him.  The reason upon which this rule rests is obvious.  Having induced the vendee to part with his money upon the assurance imported by his act, the vendor should not thereafter be allowed to deny its truth, but should be treated as acquiring the outstanding interest for the vendee's benefit.  The rule has its foundation in equity, and does not depend upon covenants contained in the deed.  The avoidance of circuity of action has little if anything to do with it; and much of the intricate learning of the common law found in the older cases, respecting estoppel by deed, has become unimportant, if it ever had a place in the jurisprudence of this state.  If, by the terms of the conveyance, no matter by what name called, the vendee is justified in believing that the estate conveyed is a fee-simple, indefeasible, common justice requires that the vendor shall not thereafter be allowed to deny that he conveyed such an estate.  Chief Justice Tilghman, as early as 1816, in McWilliams v. Nisly, 2 Serg. & R. 514, says: "The case stands thus:  James McWilliams sells and conveys land to which he has no title, and afterwards acquires title, can his heirs recover against his grantee?  It appears to me that, in such case, they would be estopped by their father's act from denying his title; and if there were occasion for further assurance equity would compel them to make it."  The same thing, in effect, is repeated in Brown v. McCormick, 6 Watts, 60.  In Tyson v. Passmore, 2 Barr [2 Pa. St.] 124, the doctrine was again applied.  Here the purchaser's rights depended upon articles of agreement to convey.  Ejectment was brought to enforce specific performance.  Of course, no covenants for title were involved.  Nevertheless, an after-acquired title to a part of the land, in which the defendant had no interest at the time of contracting, was held to inure to the plaintiff's benefit.  Root v. Crock, 7 Barr [7 Pa. St.] 378; Steiner v. Baughman, 2 Jones [12 Pa. St.] 106; Clark v. Martin, 13 Wright [49 Pa. St.] 299, are to the same effect.  These cases show that the application of the doctrine of estoppel by the courts of this state depends, not upon covenants in the conveyance, but upon the intention of the parties (as gathered from their language) to convey

[1] [Reprinted by permission.]